1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYAN LEE STETSON,

                                        Plaintiff,

            v.

WASHINGTON DEPARTMENT OF
CORRECTIONS, BERNARD
WARNER, KATHRYN L. BRUNER,

                                        Defendants.

No. C15-5524 BHS-KLS

**REPORT AND RECOMMENDATION**
**Noted for:  December 18, 2015**

Before the Court is Plaintiff Bryan Lee Stetson's Motion for Preliminary Injunction.  Dkt.

19.  Mr. Stetson asks the Court for an order directing Defendants to refrain from transferring him

from Stafford Creek Corrections Center (SCCC) so that he may continue to have use of SCCC's

law library to litigate this case.  *Id.*, p. 1.  The Court recommends that Mr. Stetson's motion be

denied.

**FACTS**

Mr. Stetson filed this *pro se* civil rights action alleging that Defendants retaliated against

him by moving him to another housing unit after he filed a grievance.  Dkt. 8.  In his motion

seeking injunctive relief, Mr. Stetson states that he was promoted to a lower custody level on

September 9, 2015, and may be transferred to a lower-custody facility without a law library at

REPORT AND RECOMMENDATION - 1

1   some time in the future.  Dkt. 19, at 2.  It is undisputed that no transfer date has been set at this

2   time.

3          According to Jodie Wright, a SCCC Classification Counselor who is currently Mr.

4   Stetson's assigned counselor at SCCC, an educational/vocational hold is currently in place to

5   keep Mr. Stetson at SCCC through December 31, 2015 so he may complete a welding program.

6   Dkt. 22, Exhibit 1, Declaration of Jodie Wright, at ¶ 6.  Ms. Wright is able to prevent a transfer

7   by placing an institutional hold on an offender who wishes to remain at SCCC to work in the law

8   library on pending litigation.  *Id.*, Exhibit 1, Wright Decl., at ¶ 3.  After learning that an offender

9   wants an institutional hold, Ms. Wright contacts the SCCC law librarian to confirm that the

10  offender has an open case and to determine how long the offender requires a hold, which will

11  depend on the number of pending motions and deadlines in the case.  The time estimate for a

12  hold is usually in the range of three to four months.  Ms. Wright will then place an institutional

13  hold to prevent the offender's transfer from SCCC.  If the offender's litigation extends beyond

14  the timeframe of initial hold, additional holds can be added as needed.  *Id.*

15         Ms. Wright knows of Mr. Stetson's pending litigation and has spoken with him about his

16  desire for an institutional hold.  *Id.,* Exhibit 1, Wright Decl., at ¶ 5; Dkt. 19 at 3, 5.  Ms. Wright

17  believes that placing an additional institutional hold on Mr. Stetson while his education hold

18  remains active is premature.  *Id.*, at ¶ 6.  After he has completed his educational program, he can

19  speak with Ms. Wright to determine his need for an institutional hold, based on his needs at that

20  time to access a law library for work on his pending litigation.  *Id.*

21         Mr. Stetson knows he can obtain the institutional hold he wants by working with DOC

22  staff and he has been encouraged to work with his counselor and unit team in obtaining the hold.

REPORT AND RECOMMENDATION - 2

Dkt. 19, at 5, 16.  Mr. Stetson does not dispute this option is available but argues that his motion

is a "per-emptory challenge" to any future transfer.  Dkt. 25, at 3-4.

## DISCUSSION

Injunctions are "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*,

423 U.S. 362, 378 (1976) (quoting *Irwin v. Dixon*, 50 U.S. 10, 33, 13 L. Ed. 25, 9 How. 10

[1850]); *see also Sampson v. Murray*, 415 U.S. 61, 83 (1974).  "A preliminary injunction is an

extraordinary remedy never awarded as of right."  *Winter v. Natural Res. Def. Council, Inc.*, 555

U.S. 7, 24 (2008).  Instead, injunctive relief "may only be awarded upon a clear showing that the

plaintiff is entitled to such relief."  *Id.* at 22.  To obtain a preliminary injunction, a party must

demonstrate that: (1) he is likely to succeed on the merits; (2) he will likely suffer irreparable

harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; (4) an

injunction is in the public interest.  *Id.* at 20.

Injunctions are disfavored and "not granted unless extreme or very serious damage will

result and are not issued in doubtful cases or where the injury complained of is capable of

compensation in damages."  *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979)

(quoting *Clune v. Publishers' Ass'n of New York City*, 214 F. Supp. 520, 531 [S.D.N.Y. 1963]).

This caution applies even more strongly in cases involving the administration of state prisons.

*Turner v. Safley*, 482 U.S. 78, 85 (1987) ("Prison administration is, moreover, a task that has

been committed to the responsibility of those [executive and legislative] branches and separation

of powers concerns counsels a policy of judicial restraint.  Where a state penal system is

involved, federal courts have … additional reason to accord deference to the appropriate prison

authorities."); *Gilmore v. California*, 220 F.3d 987 (9th Cir. 2000).  Finally, under the Prison

Litigation Reform Act, Congress has expressly required that any grant of prospective relief with

REPORT AND RECOMMENDATION - 3

respect to prison conditions be narrowly drawn, extend no further than necessary, and be the least intrusive means necessary for correction. 18 U.S.C. § 3626(a)(1)(A); *see Gomez v. Vernon,* 255 F.3d 1118, 1129 (9th Cir. 2001).

At the outset, the Court notes that the injunctive relief sought by Mr. Stetson – a transfer hold pending litigation of this case – is wholly unrelated to the claims raised in his complaint – that he was retaliated against after he filed a grievance.  A preliminary injunction is only intended to give intermediate relief of the same character that will be granted should the party seeking the injunction succeed on the underlying claims.  *See De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).  Injunctions are not appropriate to address matters that are wholly outside of the underlying lawsuit, *Devose*, 42 F.3d at 471, and therefore, Mr. Stetson's motion may be denied on this basis alone.

A.     **Likelihood of Success**

A party seeking a preliminary injunction must clearly show a likelihood of succeeding on the merits of his claims.  *Winter*, 555 U.S. at 20.  Mr. Stetson has provided no evidence that he is likely to succeed on the merits of his underlying First Amendment retaliation claim.

Moreover, there is no evidence that any potential transfer to a facility without a law library will deprive him of his right to access the courts.  *See, e.g., Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (violation of the right of access requires a showing of an actual injury, i.e., actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim).  *Id.* at 348.  In his reply, Mr. Stetson cites *Rhodes v. Robinson,* 408 F.3d 559, 568 (9th Cir. 2004) for the proposition that it is illegal for corrections officials to transfer a plaintiff solely in retaliation for the exercise of his First Amendment rights.  He

REPORT AND RECOMMENDATION - 4

1  provides no evidence that this is in fact occurring.  Rather, the record reflects that no transfer has

2  been ordered and Mr. Stetson may submit his request to extend the hold based on his library

3  needs.

4  **B.**     **Irreparable Harm**

5          A plaintiff seeking a preliminary injunction has the burden of demonstrating that he will

6  be exposed to irreparable harm.  *Caribbean Marine Services v. Baldrige*, 844 F.2d 668, 674 (9th

7  Cir. 1988).  Speculative injury does not constitute sufficient irreparable injury; only a "strong

8  threat of irreparable injury before trial is an adequate basis" for injunctive relief.  *Id.*

9          Here, Mr. Stetson's injury is purely speculative.  As noted above, Mr. Stetson is not

10  scheduled to be transferred, a transfer hold currently keeps Mr. Stetson at SCCC through

11  December 31, 2015, and he may work with his counselor to extend the hold based on his need

12  for a law library at that time.

13  **C.**     **Balance of Equities and Public Interest**

14          To be entitled to a preliminary injunction, a plaintiff must show that the equities tip in his

15  favor and that the injunction is in the public interest.  *Winter*, 555 U.S. at 20.  Courts must

16  exercise restraint in evaluating prisoner complaints and should avoid supervising the minutia of

17  prison life.  *Turner v. Safley*, 482 U.S. 78, 85 (1987); *McKune v. Lile*, 536 U.S. 24, 37 (2002).  The

18  public interest also favors giving state correctional officials the discretion to manage correctional

19  facilities.  *See e.g.*, *Turner*, 482 U.S. at 85.

20          The equities do not tip in Mr. Stetson's favor and the public interest does not favor

21  injunctive relief in this case where it is undisputed that Mr. Stetson will suffer no irreparable

22  harm and he can work with DOC officials to extend the transfer hold at SCCC.

23  //

REPORT AND RECOMMENDATION - 5

**CONCLUSION**

Based on the foregoing, the Court finds that Mr. Stetson is not entitled to the injunctive relief he seeks and therefore, his emergency motion for temporary restraining order (Dkt. 19) should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 18, 2015,** as noted in the caption.

**DATED** this 24th day of November, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6