UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYAN LEE STETSON,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS, BERNARD
WARNER, KATHRYN L. BRUNER,

    Defendants.

CASE NO. C15-5524 BHS-KLS

ORDER DENYING MOTION TO
AMEND COMPLAINT

Plaintiff Bryan Lee Stetson filed this 42 U.S.C. § 1983 action on September 16, 2015 alleging retaliation by Defendants Department of Corrections (DOC), Bernard Warner, and Kathryn Bruner for his transfer from one living unit to another at the Stafford Creek Corrections Center (SCCC) in February 2013. Dkt. 8. Plaintiff now moves to amend his complaint to add Grievance Coordinator D. Dahne as a defendant and to add retaliation claims against Mr. Dahne. *Id.* Defendants object to the amendment on the grounds that the proposed claims are barred by the statute of limitations and do not relate back to the filing of plaintiff's original complaint.

For the reasons set forth herein, the motion will be denied.

**BACKGROUND**

On February 14, 2013, plaintiff submitted a prison grievance, Log I.D. number 13530375, alleging that his transfer from the H-1 living unit to the H-5 living unit at SCCC was

1  done in retaliation for open grievances he had against personnel in the H-1 living unit.  Dkt. 8, at

2  24.  On February 15, 2013, Grievance Coordinator Dennis Dahne responded to Grievance No.

3  13530375, stating, "This was a classification decision and as such not grievable.  You were

4  moved to [accommodate] an institutional need to provide a wheelchair bound offender housing

5  closer to medical access.  Note: you are also over the limit and may not submit further grievances

6  [until] one of your active complaints has dropped."  *Id*.

7        On February 24, 2013, Plaintiff appealed the non-grievable finding for Grievance

8  No. 13530375.  *Id.*, at 26.  In his appeal, Plaintiff wrote:

9        I disagree with the non grievable finding for the following reasons:

10       (1) Grievance Coordinator "D. Dahne" alleges that the move was to
      accommodate a wheelchair bound offender that I was on the upper bunk – THIS
11       IS NOTHING MORE THEN [sic] A LIE!

12       (2) He claims that I was over the limit on active grievances THIS TO [sic] IS
      A LIE! because Grievance Log I.D. #12518167 just came back at level III
13       dated 01/15/13, Grievance Log I.D. #12523365 just came back at level III
      dated 01/31/13. Therefore I am NOT over my limit of active grievances –
14       formalize my Initial Grievance.

15 Dkt. 8, at 28.  On February 26, 2013, Grievance Program Manager Clara Curl responded to

16 plaintiff's appeal, concurring with the determination that plaintiff's complaint was not grievable

17 because "Unit assignment is a classification/FRMT issue.  There is an established review

18 process."  *Id.*

19       Mr. Dahne's alleged incorrect statements in his grievance response to Grievance No.

20 13530375 form the basis of plaintiff's retaliation claims against Mr. Dahne contained in his

21 proposed first amended complaint.  Dkt. 30-1, at 8-10.

22                        **DISCUSSION**

23       Rule 15 governs amendments to pleadings.  It provides that, after an initial period for

24 amendments as of right, pleadings may be amended only with the opposing party's written

consent or by leave of the court. Fed. R. Civ. P. 15(a). Generally, "the court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule should be interpreted and applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). Federal policy favors freely allowing amendment so that cases may be decided on their merits. *See Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir.1997).

The court ordinarily considers five factors when determining whether to grant leave to amend under Rule 15: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment," and (5) whether the pleadings have previously been amended. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990). "However, each is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). If a proposed amendment could not withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a). *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 650-51 (9th Cir. 1984).

Defendants contend that granting plaintiff leave to amend to add claims against Mr. Dahne would be futile because the claims are barred by the statute of limitations and do not relate back to the filing of plaintiff's original complaint. The Court agrees.

**A.     Statute of Limitations**

For claims brought under § 1983, federal courts apply the forum state's three year statute of limitations governing personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985) and RCW 4.16.080(2). However, the accrual date of a § 1983 cause of action is an issue of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

1    Turning to the principles of accrual, 'it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action.' *Wallace,*
2    549 U.S. at 388, 127 S.Ct. 1091 (internal alterations and quotation marks omitted. In other words, a claim accrues when the plaintiff knows or has reason to know of
3    the injury that forms the basis of his cause of action. *Knox v. Davis,* 260 F.3d 1009, 1013 (9th Cir. 2001).
4    
*Bradford v. Scherschligt,* 803 F.3d 382, 387 (9th Cir. 2015).

Plaintiff claims that Mr. Dahne subjected him to retaliation "by failing to address grievance for retaliation, based on a pretext, thus furthering retaliation based on Mr. Stetson's law related activities,…." Dkt. 30-1, at 13.  Two allegations form the basis of plaintiff's proposed retaliation claims against Grievance Coordinator Dahne: (1) Dahne was incorrect in stating that plaintiff was moved to a new unit to accommodate a wheelchair-bound offender, and (2) Dahne was incorrect in stating that Plaintiff was over the limit of active grievances.  *See* Dkt. 30-1, at 8-10.

The grievance appeal attached to plaintiff's complaint reflects that plaintiff made identical claims about Mr. Dahne's response in his February 24, 2013, appeal of Grievance No. 13530375.  Dkt. 8, at 26.  In that grievance appeal, plaintiff stated that Mr. Dahne's statement that he was moved to accommodate an offender in a wheelchair, was "NOTHING MORE THEN [sic] A LIE!" and that Mr. Dahne's claim that plaintiff was over the active grievance limit, was also "…A LIE . . . I am NOT over my limit of active grievances". *Id*.

In his proposed amended complaint, plaintiff alleges that through discovery, he has obtained proof that after he was "traded" for another inmate, the traded inmate was in fact not a wheelchair bound offender nor was the traded inmate moved into a cell designated for wheelchair access.  Plaintiff also alleges that through discovery, he obtained proof that Grievance No. 13530375 was his only active grievance on February 15, 2013.  Dkt. 30-1, at 9.

ORDER DENYING MOTION TO AMEND
COMPLAINT- 4

1       However, plaintiff's initial complaint shows that he knew of his injury at the time he

2 received Mr. Dahne's response to his grievance. According to plaintiff, he knew at that time that

3 the statements made by Mr. Dahne in the grievance response were not true. *See* Dkt. 8, at 26. In

4 his grievance appeal dated February 24, 2013, plaintiff clearly states that Mr. Dahne's statements

5 (that he was moved to accommodate an offender in a wheelchair and that he was over the active

6 grievance limit) were all lies. *Id.* The discovery of additional facts tending to "prove" his claim

7 does not change that plaintiff in fact knew the injury that forms the basis of his proposed cause of

8 action against Mr. Dahne by at least February 24, 2013.

9       Therefore, under the three year statute of limitations, plaintiff's claims against Mr. Dahne

10 expired on February 24, 2016. Plaintiff did not file his motion for leave to amend until March

11 21, 2016, beyond the three-year limit. *See* Dkt. 30.

12 **B.    Relation Back**

13       "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading

14 'relates back' to the date of a timely filed original pleading and is thus itself timely even though

15 it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.p.A.*, 560

16 U.S. 538, 541 (2010). Rule 15(c) imposes three requirements before an amended complaint

17 against a newly named defendant can relate back to the original complaint:

18     First, the claim against the newly named defendant must have arisen 'out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the
19     original pleading.' Fed. Rules Civ. Proc. 15(c)(1)(B), (C). Second, 'within the period provided by Rule 4(m) for serving the summons and complaint' (which is
20     ordinarily 120 days from when the complaint is filed, see Rule 4(m)[1], the newly named defendant must have "received such notice of the action that it will not be
21     prejudiced in defending on the merits." Rule 15(c)(1)(C)(i). Finally, the plaintiff must show that, within the Rule 4(m) period, the newly named defendant 'knew

22

23 ──────────────

24    [1] Effective December 1, 2015, the time for service is 90 days. However, at the time plaintiff filed his original complaint, the 120 day service rule applied.

ORDER DENYING MOTION TO AMEND
COMPLAINT- 5

or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.' Rule 15(c)(1)(C)(ii).

*Id*. at 545.

The third requirement has two elements – the plaintiff must establish that (1) he made a mistake of identity in failing to sue Mr. Dahne when he sued the DOC, Bernard Warner, and Kathryn Bruner, and (2) that Mr. Dahne knew or should have known, within 120 days from when the complaint was filed, that plaintiff had made the mistake. *Kilkenny v. Arco Marine Inc*., 800 F.2d 853, 856-58 (9th Cir. 1986).

As previously noted, Mr. Dahne's alleged incorrect statements in his response to Grievance No. 13530375 form the basis of the retaliation claims against Mr. Dahne in plaintiff's proposed first amended complaint. Thus, the first requirement, that the claim arise out of the same conduct, transaction, or occurrence, is arguably met here because his claims against the original defendants are based on the same grievance alleging a retaliatory transfer. However, the remaining requirements have not been met. Plaintiff's only explanation for why he did not name Mr. Dahne earlier is that he just recently obtained proof to support his claims against Mr. Dahne based on defendants' discovery responses in this case. *See* Dkt. 30-1, at 8-10. As noted, however, plaintiff's grievance appeal in February of 2013 includes allegations identical to those he seeks to raise in an amended complaint over three years later.

Plaintiff presents nothing to suggest that his failure to name Mr. Dahne in his original complaint was a mistake concerning his identity and presents nothing to suggest that Mr. Dahne knew or should have known that plaintiff made such a mistake. Rather, the failure to name Mr. Dahne in the original complaint appears to have been the result of a fully informed decision of whom to sue.

ORDER DENYING MOTION TO AMEND
COMPLAINT- 6

## CONCLUSION

Plaintiff's proposed amendment is futile because his proposed claim against Mr. Dahne is subject to dismissal based on the statute of limitations.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to amend his complaint (Dkt. 30) is **DENIED.**

(2) The Clerk is directed to send a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this 5th day of May, 2016.

Karen L. Strombom
United States Magistrate Judge