UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN LEE STETSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, BERNARD WARNER, KATHRYN L. BRUNER,<br><br>　　　　　　Defendants. | CASE NO. C15-5524 BHS-KLS<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT |

Plaintiff Bryan Lee Stetson commenced this 42 U.S.C. § 1983 action in July 2015. Dkt. 1. In his complaint, Mr. Stetson alleges retaliation by the Department of Corrections (DOC), Bernard Warner, and Kathryn Bruner for his transfer from the H-1 living unit to the H-5 living unit at the Stafford Creek Corrections Center (SCCC) in February 2013. Dkt. 8.  DOC Secretary Richard Morgan was later substituted for Former Secretary Bernard Warner in his official capacity. Dkt. 54; Dkt. 60. Plaintiff now moves to amend his complaint to add greater detail to his existing factual allegations. Dkt. 59, 59-1. He does not add any new defendants or new claims. Defendants object to the amendment on the grounds that it would be futile, prejudicial, and unduly delay this case.

　　For the reasons set forth herein, the motion will be denied.

## DISCUSSION

Rule 15 governs amendments to pleadings. It provides that, after an initial period for amendments as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Fed. R. Civ. P. 15(a). Generally, "the court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule should be interpreted and applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). Federal policy favors freely allowing amendment so that cases may be decided on their merits. *See Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir.1997).

The court ordinarily considers five factors when determining whether to grant leave to amend under Rule 15: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment," and (5) whether the pleadings have previously been amended. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990). "However, each is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). If a proposed amendment could not withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a). *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 650-51 (9th Cir. 1984).

An amendment that serves to "clarify the point" regarding a defendant but which "could not affect the outcome of [the] lawsuit" can properly be denied as a futile amendment. *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). A motion to amend can be denied for causing both undue delay and prejudice when the motion is made "on the eve of the discovery deadline" and when "allowing the motion would have

required re-opening discovery, thus delaying the proceedings." *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir.1998).

Plaintiff seeks only to "correct and add other relevant factual statements" to his complaint. Dkt. 59 at 1. He does not seek to add any new claims or new defendants. However, plaintiff is advised that he is not obligated to prove the allegations in his complaint at this stage of the proceedings. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Allegations in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d). A plaintiff is "not required[d] . . . to set out in detail the facts upon which he bases his claim." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley*, 355 U.S. at 47). The "simplified notice pleading standard" of Fed. R. Civ. P. 8 "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512–13 (2002).

At 61 pages, plaintiff's proposed amended complaint does not fit the federal notice pleading standards of a short and plain statement. It is also not necessary under the notice pleading standard to attach exhibits to pleadings. Plaintiff believes that the proposed amendments and providing additional attachments to his complaint are necessary to give him "a fighting chance" to survive a summary judgment motion. Dkt. 64 at 3. However, plaintiff is not required and in fact, cannot prove his case through his complaint. This occurs at a later stage of the proceedings, when he will be required to present evidence to prove his allegations. Plaintiff is directed to look to Rule 56 of the Federal Rules of Civil Procedure, which will tell him what

1   he needs to do to respond to a motion for summary judgment – at that time he will have an

2   opportunity to provide the Court and opposing party with exhibits, sworn declarations, and other

3   evidence to support his claims and the allegations in his complaint.

4       The Court also notes that the requested amendment comes after this case has been

5   pending for over a year.  The discovery deadline, which expired on August 15, 2016, was

6   extended once by the Court at plaintiff's request.  Dkt. 45.  According to defendants, they have

7   already expended considerable time and resources in responding to plaintiff's five requests for

8   production and three sets of interrogatories and that they have provided four supplemental

9   responses and over 400 pages of responsive documents.  Dkt. 63, Declaration of Katherine

10  Faber, at ¶ 2-3.  Allowing an amendment at this stage of the proceedings will require reopening

11  discovery at further expense to the parties and further extension of other case deadlines.

12      Because the requested amendment is unnecessary and will unnecessarily delay the case

13  and cause prejudice to the defendants, it is, accordingly, **ORDERED:**

14      (1)    Plaintiff's motion to amend his complaint (Dkt. 59) is **DENIED.**

15      (2)    The Clerk is directed to send a copy of this Order to Plaintiff and to counsel for

16  Defendants.

17      DATED this 1st day of September, 2016.

*[signature]*

Karen L. Strombom
United States Magistrate Judge