1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

BRYAN LEE STETSON,

Plaintiff,

9

v.

10
11

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS, BERNARD
WARNER, KATHRYN L. BRUNER,

12

Defendants.

13

CASE NO. C15-5524 BHS-KLS

ORDER DENYING MOTION TO
COMPEL AND FOR SANCTIONS

14    Before the Court is Plaintiff Bryan Lee Stetson's motion to compel and for sanctions.

15    Dkt. 65.  For the reasons stated herein, the motion will be denied.

16                                    **BACKGROUND**

17    Mr. Stetson requests that the Court grant sanctions against "defendants" for failing to

18    disclose and/or provide answers to Interrogatory No. 8 subpart (a); Interrogatory No. 16;

19    Interrogatory No. 17; Request for Production No. 27, and Request for Production No. 28.  Dkt.

20    65.  The discovery requests were directed and responded to by Defendant Department of

21    Corrections (DOC).  *See,* Dkt. 74, Declaration of Katherine J. Faber.

22    The parties conferred by telephone on June 24 and 28, 2016, and again on August 11,

23    2016, during which certain issues were resolved.  For example, Defendant DOC supplemented

24    its answer to Interrogatory No. 8 based on an updated Grievance Program Manual and in

1   response to Interrogatory No. 28, it produced a copy of Defendant Bruner's death certificate.

2   Dkt. 74, Faber Decl., ¶¶ 4, 5, and 7.  Defense counsel also explained to Mr. Stetson that she

3   would confer with DOC to formulate a plan that would allow Mr. Stetson to send materials by

4   mail to Defendant Bruner's son, Tobey J. Whitney, without disclosing Whitney's address.  *Id.*,

5   Faber Declaration, at ¶ 9.  According to defense counsel, such a plan is necessary based on the

6   safety and security risks involved in having a prisoner possess the address of a former DOC

7   employee's family member while balancing the need in this case to substitute a deceased party.

8   Counsel has worked out a method with DOC staff, including Mr. Stetson's counselor and

9   SCCC's Human Resource's staff, to facilitate mailing of letters and other documents between

10  Mr. Stetson and Mr. Whitney.  Counsel has informed Mr. Stetson through a letter of the plan and

11  has asked for his input.  *Id.*, Faber Declaration, at ¶ 10[1].

12  **A.    Motion to Compel**

13          **1.    Interrogatory No. 8**

14          Interrogatory No. 8 requested the following:

15          Identify the procedure, and policy or custom used by SCCC, grievance
        program coordinator Mr. Dennis D. Dahne, to reach the following determination
16      on 2/15/2013 in his response to grievance Log ID. # 1350375 at Explanation:

17              (a) "you were moved to accomidate [sic] an institutional
            need to provide a wheel chair bound offender housing closer to
18          medical access"

19              (b) "Note:  you are also over the limit and may not submit
            further grievances until until [sic] one of your active complaints
20          has dropped"

21  Dkt. 66, at 8.

22

23  _____

24      [1] By separate Order, the Court has granted plaintiff's motion to extend the dispositive
    motions deadline and his deadline to substitute Defendant Bruner.

1   Defendant DOC responded to subpart (a) as follows:  "the decision to deny Plaintiff's

2   grievance was based on pages 10 and 11 of the Offender Grievance Program Manual – 'What is

3   Not Grievable . . . classification decisions (transfers, custody level)'"…. Dkt. 66, at 9.

4   Mr. Stetson argues that the answer to subpart (a) is not sufficient because Mr. Dahne's

5   decision to deny the grievance was a cover-up and it shows that DOC failed to train, supervise,

6   or control its subordinates "after having know [sic] of their retaliation."  Dkt. 65, at 4.  However,

7   Mr. Dahne is not a party to this action and there are no allegations that Mr. Dahne was involved

8   in the retaliatory transfer.[2]

9   Mr. Stetson also asks that Defendant DOC be compelled to provide a "new answer" to

10  subpart (b) of Interrogatory No. 8 because "the one provided is evasive."  Dkt.  65, at 4; Dkt. 66,

11  at 8-10.  Defendant DOC's answer and supplemental answer to subparagraph (b) were

12  particularly thorough.  Defendant DOC explained the basis for the decision (page 26 of the

13  Offender Grievance Program Manual – corrected to page 33 in its supplemental answer) and

14  explained further that, although the grievance had been denied because offender cell transfers are

15  not grievable, the note stating that he was "also over the limit" was added as a courtesy.  Mr.

16  Stetson asked why Mr. Dahne wrote that plaintiff had five open grievances, and Defendant DOC

17  responded, "it appeared to Mr. Dahne when he processed the grievance that plaintiff had the

18  maximum allowed active grievances, based on what was visible in the Offender Management

19  Network Information at the time."  *See* Dkt. 66, at 9.  Defendant provided the supplemental

20  answer to subpart (b) after Mr. Stetson pointed out that the wrong version of a policy was applied

21  when Defendant DOC originally answered the interrogatory.   Dkt. 66, at 9-10.

22

23

24   [2] (Plaintiff's request to add Mr. Dahne as a defendant to this lawsuit (Dkt. 30) was denied (Dkt. 44)).

ORDER DENYING MOTION TO COMPEL AND
FOR SANCTIONS- 3

1    Although Mr. Stetson may not agree with the answer, the Court finds no basis to compel

2    further answer to Interrogatory No. 8 and the motion to compel shall be denied.

3        **2.**    **Interrogatory Nos. 16 and 17 and Request for Production Nos. 27 and 28–**
                 **Requests  Relating to Defendant Bruner**

4                **Requests  Relating to Defendant Bruner**

5    Mr. Stetson  moves to compel Defendant DOC to provide answers to several

6    interrogatories and requests for production requesting personal information of Defendant Bruner,

7    her family members, and/or beneficiaries.  Mr. Stetson maintains that this information is required

8    to identify the appropriate person to substitute for Mrs. Bruner, who is deceased.  Defendant

9    Bruner died on April 9, 2016.  *See* Dkt. 53-1.  On June 3, 2016, Defendant DOC served a Waiver

10   of Service Noting Death of Defendant Bruner on her son Tobey J. Whitney who is listed as the

11   informant on Ms. Bruner's Certificate of Death.  Dkt. 52 at 2, Exhibit 1, at § 3.

12       **Interrogatory No. 16**.  In this interrogatory, plaintiff seeks identification and personal

13   information of the person receiving Defendant Bruner's retirement funds.  Dkt. 65, at 5; Dkt. 66,

14   at 12-13.  Defendant DOC objects to providing information regarding Defendant Bruner's

15   retirement funds because even if Mr. Stetson were to prevail in his claims against Defendant

16   Bruner, her retirement funds are exempt from the judicial process.  *See* RCW 41.40.052.

17       The information sought in this interrogatory is not relevant to Mr. Stetson's claims nor

18   are they relevant to his attempts to substitute a proper party.  As previously noted, counsel for

19   Defendant DOC represents that she is working with Mr. Stetson to facilitate the exchange of mail

20   between Mr. Stetson and Ms. Bruner's son, who is listed as her next of kin on her death

21   certificate.  Therefore, Mr. Stetson's motion to compel further answer to this interrogatory will

22   be denied.

23       **Interrogatory No. 17**.  In this interrogatory, Mr. Stetson seeks the address and telephone

24   number of Defendant Bruner's surviving husband "Byron Bruner" who is identified on her

ORDER DENYING MOTION TO COMPEL AND
FOR SANCTIONS- 4

1    obituary.  Dkt. 65, at 5.  Although the death certificate indicates Defendant Bruner as divorced,

2    Mr. Stetson maintains that the obituary states she is survived by a husband.  *Id.*  However, to the

3    best of Defendant DOC's knowledge, the person "Byron Bruner" does not exist.   Dkt. 66, at 14.

4    Defendant DOC informed Mr. Stetson that it has no information within its care, custody, or

5    control regarding a person by the name of "Byron Bruner" or regarding a person who was the

6    surviving spouse of Defendant Bruner.  *Id.*; Dkt. 74, Faber Decl., ¶ 8.

7           Because Defendant DOC cannot be compelled to produce information that does not exist

8    and/or that is not in its possession or control, Mr. Stetson's motion to compel further response to

9    this interrogatory is denied.

10          **Request for Production No. 27.**  In this interrogatory, Mr. Stetson seeks Defendant

11   Bruner's emergency contact information, including the emergency contact's name, address, and

12   telephone number.  Dkt. 65, at 6; Dkt. 66, at 13.  Defendant DOC argues that under RCW

13   42.56.250(3), "the residential address, residential telephone numbers, personal wireless

14   telephone numbers, personal electronic mail addresses, social security numbers, and emergency

15   contact information of employees . . . of a public agency . . . that are held by any public agency

16   in personnel records, public employment related records, or volunteer rosters . . ." are exempt

17   from disclosure.  Defendant DOC also argues that the information requested is not relevant as

18   Mr. Stetson's claims against Defendant Bruner relate only to her actions as an employee of the

19   state, and not to her personal life.

20          In this regard, the Court notes that Defendant DOC has provided plaintiff with a copy of

21   Defendant Bruner' death certificate, served a Waiver of Service Noting Death of Defendant

22   Bruner on her son Tobey J. Whitney who is listed as the information on Ms. Bruner's death

23   certificate, and has conferred with Mr. Stetson in an effort to facilitate the communication

24   between Mr. Stetson and Mr. Whitney.  Dkt. 74, Declaration of Katherine J. Faber, at ¶¶ 4, 5, 7,

1 and 9.  Based on these efforts, the Court finds that the motion to compel further contact

2 information for Defendant Bruner is not warranted and shall be denied.

3       **Request for Production No. 28**.  In this request, Mr. Stetson seeks a copy of the death

4 certificate and/or will for Ms. Bruner.  Dkt. 65 at 6.  The record reflects that Defendant DOC has

5 already provided a copy of Kathryn Bruner's death certificate to Mr. Stetson and has advised him

6 that it does not have a copy of a will for Kathryn Bruner.  Dkt. 74, Faber Declaration, at ¶7; Dkt.

7 66, at 18.  Defendant DOC cannot be compelled to produce a record that it does not possess.

8 Therefore, Mr. Stetson's request for a motion to compel further response to this request is

9 denied.

10 **B.      Motion for Sanctions**

11       Fed. R. Civ. P. 37(d)(1)(A)(ii) allows for sanctions if "a party, after being properly served

12 with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its

13 answers, objections, or written response."   The record reflects that Defendant DOC served

14 objections and/or objections and answers to the interrogatories and requests for production at

15 issue.  In addition, there is no evidence that Defendant DOC or defense counsel have violated

16 any discovery order or interfered with any aspect of the discovery process.  The documents

17 provided by the parties show that Defendant DOC has responded to multiple discovery requests,

18 has provided supplemental responses, and has produced over 400 pages of documents.  Dkt. 63.

19 The parties have also conferred regarding their discovery disputes, they have been able to resolve

20 some of their disputes as a result, and are still working on finding a way for Mr. Stetson to

21 communicate with Mr. Whitney.  *See* Dkt. 74, Faber Declaration, at ¶¶ 4, 9, and 10.

22       There is no evidence of bad faith or any other conduct warranting sanctions.

23       Accordingly, it is **ORDERED**:

24       (1)      Plaintiff's motion to compel and for sanctions (Dkt. 65) is **DENIED.**

1    (2)    The Clerk of Court is directed to send a copy of this Order to plaintiff and to

2  counsel for defendants.

3    Dated this <u>13th</u> day of September, 2016.

4

5    Karen L. Strombom
   United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION TO COMPEL AND
FOR SANCTIONS- 7