1

2

3                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
4                                      AT TACOMA

5   BRYAN LEE STETSON,

6                              Plaintiff,              No. 3:15-cv-05524-BHS-KLS

7         v.                                           ORDER DENYING MOTION FOR
                                                       APPOINTMENT OF COUNSEL
8   WASHINGTON DEPARTMENT OF
    CORRECTIONS, RICHARD MORGAN,
9   BERNARD WARNER, and KATHRYN L.
    BRUNER,
10
                              Defendants.
11

12

13

14

15          This matter comes before the Court on plaintiff's motion for appointment of counsel.

16   Dkt. 70. Having carefully considered that motion and balance of the record, the Court finds it

17   should be denied.

18          No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v.*

19   *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S.*

20   *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

21   discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint

22   counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113

23   F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998)

24   (emphasis supplied.)

25          To decide whether exceptional circumstances exist, the court must evaluate both "the

26

ORDER - 1

likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require the further development of facts during litigation. But if all that was required to establish the complexity of the relevant issues was a demonstration of the need for such development, then practically all cases would involve complex legal issues. *Id.*

Plaintiff alleges in his motion he needs information from defendants, which he further alleges defendants refuse to provide. This does not constitute an exceptional circumstance that necessarily requires the appointment of counsel. Indeed, the many motions and other filings plaintiff has submitted so far in this case show he is more than capable of pursuing this matter *pro se*. For example, plaintiff already has filed a motion to compel in this case. *See* Dkt. 65. In addition, the Court notes that this is not a complex case involving complex facts or law, and plaintiff presents no evidence to show he is likely to succeed on the merits of his case. While plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant. Accordingly, plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. 70) is DENIED**.** The

ORDER - 2

Clerk shall send a copy of this Order to plaintiff.

DATED this 30th day of September, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3