UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN LEE STETSON,<br><br>                    Plaintiff,<br><br>          v.<br><br>WASHINGTON STATE DEPARTMENT<br>OF CORRECTIONS, RICHARD<br>MORGAN, BERNARD WARNER,<br>KATHRYN L. BRUNER,<br><br>                    Defendants. | NO. C15-5524 BHS-KLS<br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART PLAINTIFF'S<br>MOTIONS TO SUBSTITUTE<br>PARTY (DKT. 83) AND FOR<br>CLARIFICATION (DKT. 85) |

On April 19, 2016, Defendants filed a Suggestion of Death pursuant to Federal Rule of

Civil Procedure 25(a), notifying all parties of the death of Defendant Kathryn L. Bruner.  Dkt.

35.  Plaintiff Bryan Lee Stetson responds by seeking to substitute Ms. Bruner's son, Tobey J.

Whitney, as Ms. Bruner's successor in her individual capacity.  Dkt. 83.  Plaintiff seeks to

substitute the Washington Department of Corrections (DOC) as Mr. Bruner's successor in her

official capacity, if appropriate and if not, to substitute Tobey J. Whitney in that capacity also.

*Id.*  Plaintiff also asks the Court to clarify whether defendants' counsel have provided the Court

with Mr. Whitney's address; whether the Clerk can adjust the hearing date on plaintiff's notice of

hearing; and whether the Court will serve Mr. Whitney with the motion for substitution and

copies of the summons and complaint.  Dkt. 85.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTIONS TO SUBSTITUTE
PARTY (DKT. 83) AND FOR CLARIFICATION
(DKT. 85)- 1

1    Defendants take no position on whether the Court should serve documents or adjust the

2    hearing dates and state that they have not yet been asked by the Court to submit Mr. Whitney's

3    address.  Dkt. 88.   Defendants do not concede that Mr. Whitney is a proper party to substitute

4    for Ms. Bruner under Rule 25.  Dkt. 53, at ¶ 6.   Mr. Whitney has not been served with Mr.

5    Stetson's motion to substitute pursuant to Rule 25(a)(1) because Mr. Stetson does not have

6    access to his address.  Dkt. 85.

7                                                    **DISCUSSION**

8    **A.**       **Substitution of Mr. Whitney for Ms. Bruner in Her Individual Capacity**

9           Rule 25(a)(1) governs the issue of substitution, and it provides that:

10          If a party dies and the claim is not extinguished, the court may order substitution
           of the proper party. A motion for substitution may be made by any party or by the
11          decedent's successor or representative. If the motion is not made within 90 days
           after service of a statement noting the death, the action by or against the decedent
12          must be dismissed.

13   Fed. R. Civ. P. 25(a)(1).  In deciding a motion to substitute under Rule 25(a)(1), a court must

14   consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the

15   person being substituted is a proper party.  *Id.*  If Rule 25(a)(1) is met, "[t]he substituted party

16   steps into the same position as [the] original party."  *Hilao v. Estate of Marcos*, 103 F.3d 762,

17   766 (9th Cir.1996). The court will address each of these factors in turn.

18          **(1)**       **Timeliness**.  Mr. Stetson's motion for substitution is timely.  On April 19, 2016,

19   defendants filed a Suggestion of Death pursuant to Rule 25(a), notifying all parties of the death

20   of Defendant Kathryn L. Bruner.  Dkt. 35.  On May 12, 2016, the Court ordered defendants to

21   serve the nonparty successor or representative of Defendant Bruner's estate with the Suggestion

22   of Death.  Dkt. 45, p. 4.  On June 3, 2016, defendants provided Mr. Whitney with a copy of the

23   Statement Noting Death of Defendant Bruner (Dkt. 35).  Dkt. 52, Exhibit 1, at ¶ 5.  Mr. Whitney

24

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTIONS TO SUBSTITUTE
PARTY (DKT. 83) AND FOR CLARIFICATION
(DKT. 85)- 2

1  acknowledged his receipt of the statement and waived personal service of the statement on June

2  3, 2016.  *Id.*, Exhibit 1, at ¶ 5, and Attachment B, Waiver of Service.  Although Mr. Stetson's

3  motion to substitute Mr. Whitney as Ms. Bruner's successor (Dkt. 83) was not filed until

4  September 29, 2016, his 90 day deadline to bring the motion was extended by the Court on

5  September 8, 2016.  Dkt. 78.

6       **2.**    **Survival of Claim.**  "[A] section 1983 claim that accrued before death survives

7  the decedent when state law authorizes a survival action...."  *Smith v. City of Fontana*, 818 F.2d

8  1411, 1416 (9th Cir.1987). Washington law provides:

> All causes of action by a person or persons against another person or persons shall
> survive to the personal representatives of the former and against the personal
> representatives of the latter, ...: Provided, however, that the personal
> representative shall only be entitled to recover damages for pain and suffering,
> anxiety, emotional distress, or humiliation personal to and suffered by a deceased
> on behalf of those beneficiaries enumerated in RCW 4.20.020.

Wash.Rev.Code § 4.20.046(1).

     In Washington, when a party to a lawsuit dies, the cause of action survives, but the action

must be continued by or against the deceased party's representatives or successors in interest.

*Stella Sales, Inc. v. Johnson,* 87 Wash.App. 11, 985 P.2d 391, 397 (1999).  Accordingly, the

court may order substitution of a "proper party" to stand in the place of the deceased plaintiff.

Fed. R. Civ. P 25(a)(1); *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C.Cir.1999).

     **3.**    **The Substituted Party is a Proper Party.**  Rule 25(a)(1) requires evidence that

Mr. Whitney is Ms. Bruner's successor in interest or legal representative.  *See Hilao*, 103. F.3d at

766 (applying Rule 25(a)(1) to the legal representatives of the deceased's estate); *Mallonee v.

Fahey*, 200 F.2d 918, 919 (9th Cir.1952) ("It is plain ... that Rule 25(a)(1) applies only to the

substitution of legal representatives). Rule 25(a)(1) was amended in 1963.  The stated purpose

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTIONS TO SUBSTITUTE
PARTY (DKT. 83) AND FOR CLARIFICATION
(DKT. 85)- 3

1    of those amendments was "to liberalize the Rule and to allow flexibility in substitution of

2    parties." *Boggs v. Dravo Corp.*, 532 F.2d 897, 900 (3d Cir.1976).  Several courts have since

3    stated that the distributee of a distributed estate is a "proper party" for substitution under Rule

4    25(a).  *See, e.g., Rende v. Kay*, 415 F.2d 983, 985 (U.S.App. D.C. 1969); *Ashley v. Illinois*

5    *Central Gulf Railroad Co*., 98 F.R.D. 722, 724 (S.D. Miss.1983); *cf. Kilgo v. Bowman*

6    *Transportation, Inc*., 87 F.R.D. 26, 27 (N.D.Ga.1980) (person named as executor in plaintiff's

7    will, but who does not become executor because he elects statutory share rather than probating

8    will, is a substitutable "proper party").

9        Here, Mr. Stetson provided a copy of Ms. Bruner's death certificate which reflects that

10   Tobey J. Whitney is Ms. Bruner's son and is listed as the "Informant" on the death certificate.

11   Dkt. 83, Exhibit 1, at p. 5.  DOC records also indicate that Mr. Whitney is Ms. Bruner's son.

12   Dkt. 53, at ¶ 3.  However, defendants do not concede that Mr. Whitney is a proper party to

13   substitute for Ms. Bruner under Rule 25, but rather assert that, to the best of their knowledge, Mr.

14   Whitney seemed to be the most appropriate person to be served with the statement.  Dkt. 53, at ¶

15   6.  Counsel for defendants also stated that she searched the Court dockets for the Superior Courts

16   of the counties of Grays Harbor, Mason, Thurston, and Pierce, but was unable to discover any

17   probate proceedings in Ms. Bruner's name or any appointment of an executor of an estate in Ms.

18   Bruner's name.  *Id.*, ¶ 4.

19       Mr. Whitney may be substituted for his mother if he is found to be either his mother's

20   legal representative or her successor.  As previously noted, the addition of the word "successor"

21   to Rule 25 means that a proper party need not necessarily be the appointed executor or

22   administrator, but a distributee of a decedent's estate may also be a proper party.  However, it is

23   unclear if Mr. Whitney is the successor in interest or legal representative of Ms. Bruner.  The

24

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTIONS TO SUBSTITUTE
PARTY (DKT. 83) AND FOR CLARIFICATION
(DKT. 85)- 4

1   Court also notes that counsel for defendants has discussed a plan with Mr. Stetson to allow him

2   to mail letters and documents to Mr. Whitney, so that Mr. Stetson could determine the

3   appropriate successor in interest or legal representative of Ms. Bruner.  Dkt. 74, Faber

4   Declaration, ¶¶ 9, 10.   It is not known if this plan has been implemented.

5          Rule 25(a)(3)  requires that the motion to substitute, together with a notice of hearing,

6   must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.

7   Here, there is no record of proof of service and compliance with Rule 25 because Mr. Stetson has

8   not been able to obtain Mr. Whitney's address.

9          Thus, the Court will defer ruling on Mr. Stetson's motion to substitute Mr. Whitney as

10  the proper party for Defendant Bruner, in her individual capacity.  The Court directs Defendants

11  to provide Mr. Whitney's mailing address to the Court **under seal** so that service of the motion

12  to substitute may be served on Mr. Whitney so that Mr. Whitney will receive notice and an

13  opportunity to respond and/or object to the motion.

14  **B.     Substitution of Mr. Whitney and/or the DOC as to Claim Against Ms. Bruner in her Official Capacity**

15
16          Mr. Stetson also asks the Court to substitute Mr. Whitney and/or the DOC for Defendant

17  Bruner in her official capacity.  Dkt. 83.  Rule 25(d) provides:

18          (d)     Public Officers; Death or Separation from Office.  An action does not
        abate when a public officer who is a party in an official capacity dies, resigns, or
19       otherwise ceases to hold office while the action is pending. The officer's successor
        is automatically substituted as a party.  Later proceedings should be in the
20       substituted party's name, but any misnomer not affecting the parties' substantial
        rights must be disregarded.  The court may order substitution at any time, but the
        absence of such an order does not affect the substitution.

21
22          However, Mr. Stetson sued Defendant Bruner in her individual capacity only.  Dkt. 8, ¶ 6

23  (Plaintiff will seek declaratory relief against CUS Bruner and punitive damages against her in her

24  ORDER GRANTING IN PART AND DENYING IN
    PART PLAINTIFF'S MOTIONS TO SUBSTITUTE
    PARTY (DKT. 83) AND FOR CLARIFICATION
    (DKT. 85)- 5

1 | individual capacity.")   Mr. Stetson's claim against Ms. Bruner is that she subjected him to

2 | "retaliation by transferring him from H1 to H5 based on a pretext, because of Mr. Stetson's law

3 | related activities, …"  *Id.*, ¶ 24.

4 |      A suit against a state official in her official capacity is considered a suit against the state

5 | itself, and thus claims for money damages in such suits are barred by the Eleventh Amendment.

6 | *Ashker v. California Dept. of Corrections*, 112 F.3d 392, 395 & n. 3 (9th Cir.1997).  Where

7 | money damages are sought against a state official, it is presumed that the official has been sued

8 | in her individual capacity.  *Shoshone–Bannock Tribes*, 42 F.3d 1278, 1284 (9th Cir.1994).

9 | However, the Eleventh Amendment does not bar claims for declaratory and injunctive relief

10 | against state officials in their official capacities.  *Hydrick v. Hunter*, 500 F.3d 978, 986–87 (9th

11 | Cir.2007).

12 |      In seeking declaratory relief against Defendant Brunson, Mr. Stetson is relying on her

13 | alleged past wrongs, *i.e.*, the alleged retaliatory transfer.  *See* Dkt. 8, ¶ 25.B.  As other courts

14 | have observed, if a plaintiff is relying on past wrongs in seeking declaratory relief, "a claim

15 | under the Declaratory Relief Act is improper and in essence duplicates plaintiff's other causes of

16 | action."  *Marzan v. Bank of Am.*, 779 F.Supp.2d 1140, 1146–47 (D.Haw.2011) (*abrogated on

17 | other grounds by Compton v. Countrywide Fin. Corp.*, 761 F.3d 1046 (9th Cir.2014));

18 | *Mangindin v. Wash. Mut. Bank*, 637 F.Supp.2d 700, 707–08 (N.D.Cal.2009) ("[T]he Court finds

19 | that the declaratory relief Plaintiffs seek is entirely commensurate with the relief sought through

20 | their other causes of action.  Thus, Plaintiffs' declaratory relief claim is duplicative and

21 | unnecessary.").   The "useful purpose served by the declaratory judgment is the clarification of

22 | legal duties for the future."  *Amsouth Bank v. Dale*, 386 F.3d 763, 786 (6th Cir.2004); *see also

23 | Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 943 (9th Cir.1981)

24 |

1   ("[The Declaratory Judgment Act] brings to the present a litigable controversy, which otherwise

2   might only by (sic) tried in the future.")

3         Here, Mr. Stetson sued Defendant Bruner in her individual capacity only and his request

4   for declaratory relief is duplicative of his retaliation claim and is, therefore, unnecessary.

5   Accordingly, Mr. Stetson's motion to substitute Mr. Whitney and/or the DOC under Rule 25(d)

6   is **DENIED**.

7         Accordingly, it is **ORDERED**:

8   (1)    Plaintiff's motions to substitute and for clarification (Dkt. 83 and 85) are **granted**

9   **in part and denied in part as follows:**

10       (a)    Defendants are directed to provide the address of Tobey J.
Whitney to the Court **under seal,** within **ten (10) days** of the date of this Order.

11

12       (b)    The Court shall **defer ruling** on plaintiff's motion to substitute
Tobey J. Whitney as successor to Defendant Bruner in her individual capacity
until Mr. Whitney has been served with the notice and is given an opportunity to

13   respond and/or object to the motion to substitute.   Plaintiff's motion to substitute
Mr. Whitney and/or the DOC for Defendant Bruner in her official capacity (Dkt.

14   83) is **DENIED.** The Clerk shall strike the noting date for the motion to substitute
(Dkt. 83) at this time.

15

16       (c)    The remainder of plaintiff's motion for clarification (Dkt. 85) is
**denied as moot.**

17   (2)    The Clerk shall send a copy of this Order to plaintiff and counsel for defendants.

18   **DATED** this 20th day of October, 2016.

19

20

21   Karen L. Strombom
United States Magistrate Judge

22

23

24   ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTIONS TO SUBSTITUTE
PARTY (DKT. 83) AND FOR CLARIFICATION
(DKT. 85)- 7