1

2

3

4

5                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
6                              AT TACOMA

7
BRYAN LEE STETSON,
8
                        Plaintiff,                 CASE NO. C15-5524BHS
9
        v.                                         ORDER DENYING OBJECTIONS
10
WASHINGTON DEPARTMENT OF
11  CORRECTIONS, et al.,

12                      Defendants.

13

14          This matter comes before the Court on Plaintiff Bryan Lee Stetson's ("Stetson")

15  objections to non-dispositive motions (Dkts. 80, 82).

16          On September 8, 2016, the Honorable Karen L. Strombom, United States

17  Magistrate Judge, issued an order granting in part and denying in part Stetson's motion

18  for an extension of time and motion to stay.  Dkt. 78.  On September 13, 2016, Judge

19  Strombom issued an order denying Stetson's motion to compel and for sanctions.  Dkt.

20  79.  On September 22, 2016, Stetson filed objections to the first order.  Dkt. 80.  On

21  September 29, 2016, Stetson filed objections to the second order.  Dkt. 82.

22

When considering objections to non-dispositive matters, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.  Fed. R. Civ. P. 72(a).

Regarding Stetson's first objection, he argues that the deadline of November 30, 2016 to substitute the next of kin as a defendant is insufficient.  Dkt. 80.  Stetson, however, fails to show that the deadline is clearly erroneous or contrary to law.  Moreover, Stetson has already filed his motion to substitute.  *See* Dkt. 83.  Thus, it appears that the deadline was sufficient.  The Court **DENIES** Stetson's objection.

Regarding Stetson's second objection, he argues that Defendants should be compelled to answer certain interrogatories.  Stetson argues that Judge Strombom erred in denying his motion to compel a response to his interrogatory requesting an explanation for why Mr. Dennis Dahne denied Stetson's grievance.  Dkt. 82 at 1–2.  Judge Strombom denied Stetson's motion to compel because "Mr. Dahne is not a party to this action and there are no allegations that Mr. Dahne was involved in the retaliatory transfer."  Dkt. 79 at 3.  It is unclear why discovery was denied because the individual was not a party to the matter.  Regardless, the Court concludes that Defendants adequately responded to Stetson's request by referencing the specific pages of the Offender Grievance Program Manual showing the policy and procedure used to respond to Stetson's grievance.  While Stetson argues that this response is a cover up for retaliation, the existence of a cover up is an issue of fact underlying Stetson's claim.  If Stetson wants an answer on the issue of a cover up, he must submit proper and specific discovery requests instead of arguing that Defendants' answers to other requests are insufficient because of a cover up.  Therefore,

1   even if Judge Strombom's order was based on insufficient legal grounds, Judge

2   Strombom correctly denied Stetson's motion to compel on this issue.

3         Stetson also argues that Judge Strombom erred by denying the portion of this

4   motion regarding the address of the substitute defendant.  Dkt. 82 at 2.  Stetson has failed

5   to show that this conclusion was clearly erroneous or contrary to law.  Moreover, it

6   appears that Judge Strombom has compelled Defendants to disclose the relevant address

7   and the issue is now moot.  Therefore, the Court **DENIES** Stetson's objections.

8         **IT IS SO ORDERED**.

9         Dated this 1st day of November, 2016.

BENJAMIN H. SETTLE
United States District Judge