UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN LEE STETSON,<br><br>                Plaintiff,<br><br>    v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>                Defendants. | CASE NO. C15-5524 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR COSTS, AND REQUESTING JOINT STATUS REPORT |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 111), Defendants Richard Morgan, Bernard Warner, Washington Department of Corrections, and Tobey Whitney's ("Defendants") objections to the R&R (Dkt. 113), and Plaintiff Bryan Stetson's ("Stetson") motion for costs (Dkt. 112).

On April 7, 2017, Judge Strombom issued the R&R recommending that the Court grant Defendants' motion for summary judgment in part and deny it in part. Dkt. 111. Judge Strombom concluded that questions of material fact exist on Stetson's First Amendment retaliation claim against Kathryn Bruner and recommends that the claim proceed to trial.[1] *Id*. On April 18, 2017, Stetson filed a motion for costs. Dkt. 112. On

---

[1] Kathryn Bruner ("Bruner") died on April 9, 2016, and Tobey Whitney has been substituted.

ORDER - 1

April 21, 2017, Defendants filed objections to the R&R. Dkt. 113. On April 27, 2014, Stetson responded to Defendants' objections. Dkt. 114. On May 5, 2017, Defendants responded to Stetson's motion. Dkt. 115.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

**A.     First Amendment**

In this case, Defendants object to the R&R arguing that Stetson has failed to submit sufficient evidence to create a material question of fact on every element of his retaliation claim. To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

First, Defendants contend that Stetson has failed to claim that his transfer to another unit "caused him any injury." Dkt. 113 at 3. Specifically, Defendants contend that Stetson "has not alleged that his First Amendment rights were chilled or infringed." *Id*. Defendants' representation to the Court is factually incorrect because, in his complaint, Stetson alleges that Bruner's actions violated his "First Amendment right, acting to chill said right . . . ." Dkt. 8, ¶ 24. Defendants also contend that Stetson's rights

were not chilled because he continued to file grievances after the alleged retaliatory transfer. Dkt. 113 at 3. The Ninth Circuit has explicitly rejected this argument "[b]ecause it would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity, [a plaintiff] does not have to demonstrate that his speech was actually inhibited or suppressed." *Rhodes*, 408 F.3d at 569. Therefore, Defendants' arguments are without merit.

Second, Defendants argue that "the R&R incorrectly concludes that Bruner's alleged statements to Plaintiff during a grievance investigation in November 2012 were an adverse action in this case." Dkt. 113 at 3. Defendants assert that the "alleged statement itself is not the 'adverse action' at issue in this case." While Defendants may be correct that the alleged threat is not the only "adverse action" in this case, Stetson has repeatedly argued that the threat in conjunction with the transfer acted to chill his speech. *See*, *e.g*., Dkt. 107 at 15. The Court agrees with Judge Strombom that the conjunction of the two events is sufficient to create questions of fact on this issue.

Third, Defendants contend that Stetson's other claims of harm are not properly before the Court because he improperly presented them in a surreply. Dkt. 113 at 3–4. While a surreply is an improper method to present new evidence or argument, Stetson has sufficiently submitted evidence of an adverse action and harm to overcome Defendants' motion for summary judgment on this claim. Thus, Defendants' objections should be addressed in pre-trial motions limiting evidence that may go to the jury. Taking the facts in the light most favorable to Stetson, the Court adopts the R&R on this claim.

**B.     Motion for Costs**

On April 18, 2017, Stetson submitted a bill of costs for his retaliation claim. Dkt. 112. Defendants contend that the motion is premature because a judgment has not been rendered. Dkt. 115. The Court agrees with Defendants and denies Stetson's motion without prejudice. *See* Fed. R. Civ. P. 54(d).

Therefore, the Court having considered the R&R, Defendants' objections, Stetson's motion, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Defendants' motion for summary judgment (Dkt. 101) is **GRANTED in part** and **DENIED in part**;

(3) Stetson's motion for costs (Dkt. 112) is **DENIED without prejudice**; and

(4) The parties shall meet and confer and submit an abbreviated joint status report regarding setting a trial schedule. The report shall be filed no later than June 23, 2017.

Dated this 8th day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge